UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JEREMY COCHRAN,[1]

    Plaintiff,

v.

KEVIN J. MAHONEY,

    Defendant.

Civil Action No. JKB-21-2313

## MEMORANDUM

Plaintiff Jeremy Cochran, an inmate currently incarcerated at the North Branch Correctional Institution, filed the above-captioned Complaint, accompanied by a Motion for Leave to Proceed in Forma Pauperis. ECF Nos. 1, 2. Because Cochran appears indigent, he shall be granted leave to proceed in forma pauperis. However, for reasons stated below, the Complaint shall be dismissed.

28 U.S.C. § 1915(a)(1) permits an indigent litigant to commence an action in this court without prepaying the filing fee. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A require the Court to conduct an initial screening of this complaint. The Court is required to dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). When considering whether a claim is frivolous, § 1915(e)(2) grants courts "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490

---

[1] The Clerk shall amend the docket to reflect the correct spelling of Plaintiff's name.

U.S. 319, 327 (1989). A complaint is frivolous where "it lacks an arguable basis either in law or in fact." *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) (quoting *Neitzke*, 490 U.S. at 327).

The Complaint alleges that state court Judge Kevin J. Mahoney violated Cochran's "constitutional rights by denying [him] relief under Maryland law and the Court of Special Appeals of Maryland rulings." ECF No. 1 at 2. Cochran alleges that Judge Mahoney denied him "relief under prosecutorial misconduct and abuse of the trial judge's discretion." *Id.* at 3. He further alleges that Judge Mahoney is biased against him, that he is actually innocent of the crimes for which he was convicted and sentenced to 80 years' incarceration. *Id.* Cochran seeks 2.4 million dollars in damages. *Id.*

This cause of action cannot be maintained because it is prohibited by the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.").

The doctrine of judicial immunity shields judges from monetary claims against them in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely. *Id.* at 11. An act is still judicial, and immunity applies, even if the judge commits "'grave procedural errors.'" *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)). Moreover, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S.

2

at 355-56; *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly); *Green v. North Carolina*, No. 4:08-CV-135-H, 2010 WL 3743767, at *3 (E.D.N.C. Sept. 21, 2010).

In *Pierson v. Ray*, 386 U.S. 547 (1967), the United States Supreme Court granted certiorari to consider whether a judge was liable for damages under 42 U.S.C. § 1983 for an unconstitutional conviction. The Court explained the rationale for judicial immunity, *id.* at 553-54:

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction.... This immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences".... It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.

Here, Cochran seeks to hold Judge Mahoney liable for conduct undertaken during Cochran's criminal trial. Such claims are not permissible. Because the Complaint fails to provide any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on Cochran's behalf, it shall be dismissed pursuant to § 1915(e)(2). Cochran is forewarned that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii). Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he will be unable to bring claims in forma pauperis, unless he can establish that he "is under

imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) constitutes a "strike" under the Act. *Lomax v. Ortiz-Marquez*, _U.S._, 140 S.Ct. 1721, 1724 (2020), *see also* 28 U.S.C. § 1915(g).

A separate order follows.

Dated this 29 day of Sept, 2021.

FOR THE COURT:

James K. Bredar
Chief Judge